FILED
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAY 22 2003

CLERK

MARILYN MCCANN

    Plaintiff,

vs.

CIV No. 03-214 JC/KBM

WALTER DARR, III, and JOINT
APPRENTICESHIP TRAINING
COMMITTEE FOR PLUMBING and
PIPEFITTING INDUSTRY in NEW
MEXICO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Remand and Request for Attorneys' Fees, filed March 17, 2003 (*Doc. 8*). Having reviewed the motion, the memoranda and all relevant authorities, the Court finds Plaintiff's motion well taken in part, and it is, therefore, granted in part and denied in part.

I.    *Background*

For the purposes of ruling on the motion to remand, the Court considers the factual allegations in Plaintiff's complaint to be true. Plaintiff, Marilyn McCann, is a former employee of Defendant Joint Apprenticeship Training Committee for the Plumbing and Pipefitting Industry of New Mexico ("JATC"). Plaintiff worked at JATC from October 1992 until her termination in March 2001. Her duties included reviewing invoices and writing checks. There is no indication that Plaintiff held a management position or had any discretionary authority.

While employed at JATC, Plaintiff alleges that she discovered that Defendant Walter Darr

was involved in financial wrongdoings and irregularities with Union and state funds. She also claims that he sexually harassed her. Several months after complaining about Defendant Darr's inappropriate sexual and financial actions, JATC advised Plaintiff that her position was going to be eliminated and that she was terminated. After filing a charge of discrimination with the New Mexico Human Rights Division Department of Labor, the Division issued a determination of no probable cause. Plaintiff appealed the decision to the Second Judicial District Court alleging wrongful termination, sexual harassment and retaliatory discharge. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. 1446(b). Defendants assert that Plaintiff's claims are pre-empted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq.*, and the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 501.[1] Plaintiff contends that her complaint does not assert any federal causes of action, and thus should be remanded to state court.

II. *Analysis*

A defendant may remove from state court a civil cause of action, "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1447(c), a federal court is required to remand an action, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction...." The court must strictly construe the removal statute, and all doubts must be resolved against removal. *Fajan v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 331 (10th Cir. 1982). The

---

[1] Defendants fail to argue LMRDA in their response. The Court thus deems this claim abandoned. *Imperial v. Suburban Hosp. Ass'n Inc.*, 37 F.3d 1026, 1031 (4th Cir. 1994).

burden is on the defendant to establish federal jurisdiction. *State Farm Mut. Auto. Ins. v. Navarez*, 149 F.3d 1269, 1271 (10th Cir. 1998).

When a plaintiff's complaint relies on federal law as the source of recovery, the case is deemed to "arise under" federal law, and removal to federal court is proper. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983). To aid in demarcating the role of the federal courts, the Supreme Court developed the "well-pleaded complaint rule," which has become "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). This rule entitles the plaintiff to be the master of his claim, such that he may avoid federal jurisdiction by exclusively relying on state law. *Cisneros v. ABC Rail Corp.*, 217 F.3d 1299, 1302 (10th Cir. 2000). A defendant thus may not claim federal court jurisdiction by asserting a federal defense, "including the defense of pre-emption." *Etheridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir. 1988) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

A narrow exception to the well-pleaded complaint rule is the complete pre-emption doctrine. *Caterpillar*, 482 U.S. at 393; *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). This doctrine authorizes federal courts to exercise federal jurisdiction over a state law cause of action where Congress so completely pre-empts a particular area of law that a complaint raising such a claim is necessarily federal in character...and therefore arises under federal law. *Caterpillar*, 482 U.S. at 393 (citations and quotations omitted). In *Metropolitan Life*, the Supreme Court held that claims within the scope of ERISA's enforcement provision, § 1132(a), fall under the doctrine of complete pre-emption. 481 U.S. at 66. Under § 1132(a):

    A civil action may be brought –

> (1) by a participant or beneficiary –
> 
> ...
> 
> ...
> 
> (2) ...
> 
> (3) ...by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....

A federal court lacks jurisdiction to hear actions under ERISA that are brought by anyone who is not a participant, beneficiary or fiduciary. *Harris v. Provident Life and Acc. Ins. Co.*, 26 F.3d 930, 933 (9th Cir. 1994). In the present action, Defendants do not claim that Plaintiff is a participant or a beneficiary of a plan. Instead, they argue that Plaintiff is a fiduciary and that her claim falls under ERISA's whistleblower provision, § 1140.[2] Plaintiff, however, is not a fiduciary, for ERISA defines a fiduciary as a person who "(i) [] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets...[or] (iii) has any discretionary authority or discretionary responsibility in the administration of such plan. § 1002(21)(A). On the face of Plaintiff's complaint, there is no evidence that her responsibilities of reviewing invoices and writing checks rise to the level of discretionary or controlling authority, as defined in ERISA. *See also*, 29 C.F.R. § 2509.75-8, D-2 ("[a] person who performs purely ministerial functions...for an employee benefit plan within a framework of policies, interpretations, rules, practices, and procedures made by other persons is not a fiduciary...."). Because Plaintiff is not a fiduciary, she does not have standing to sue under ERISA.

---

[2] For a claim to be properly brought under ERISA's whistleblower provision, it must comport with § 1132. "The provisions of section 1132 of this title shall be applicable in the enforcement of this section." 29 U.S.C. § 1140. Plaintiff's claims thus cannot fall under this section unless she is a participant, beneficiary or a fiduciary under § 1132.

and thus the doctrine of complete pre-emption is not applicable to this case.

III.     *Conclusion*

Fiduciary status cannot be placed upon Plaintiff in this case. As such, the doctrine of complete pre-emption, the narrow exception to the well-pleaded complaint rule, cannot be claimed by Defendants. This Court therefore does not have subject matter jurisdiction to hear Plaintiff's claim, and it is remanded to the Second Judicial District Court.

Plaintiff's request for attorneys' fees is not well taken, and is denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion to Remand and Request for Attorneys' Fees, filed March 17, 2003 (*Doc. 8*), is GRANTED in part and DENIED in part.

Dated May 21, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
  FOSTER, JOHNSON, MCDONALD, LUCERO, KOINIS, LLP

      Thomas L. Johnson, Esq.
      Kerri L. Peck, Esq.
      Albuquerque, New Mexico

Attorney for Defendants:
      K. LEE PEIFER
      Angela Cornell, Esq.
      K. Lee Peifer, Esq.
      Albuquerque, New Mexico

Pleading Separator Sheet USDC NM

sharon   Case Number: 2cv403

Holguin, Albuquerque,Cityof

Document #:   35



2cv403+35+2003-05-20

# RULE 16 SETTLEMENT CONFERENCE REPORT

NAME OF CASE:     Francisco Holguin, et al. vs. City of Albuquerque, et al.

USDC NO.  02cv0403 **RLP/ACT**          __X__ JURY _____ NON-JURY

A Rule 16 Settlement Conference was held at 10:00 a.m.    on    May 20, 2003.

before the **HONORABLE ALAN C. TORGERSON, U. S. MAGISTRATE JUDGE**

**APPEARANCES:**

**For Plaintiff:**

Dennis W. Montoya

**With Clients:**

Francisco Holguin
Sara Holguin

**For Defendant:**

Stephanie Griffin (for Defendant, City of Albuquerque)
Carl Butkus (for Defendant Cornell)

**With Clients:**

Tommy Valdez (Risk Management, City of Albuquerque)
Gilbert Gallegos (Chief of Police for City of Albuquerque)
Rick Savakinas, Representative of Cornell
Jim Cartier, Representative of Cornell

**TRIAL DATE:** Jan. 12, 2004.     **Estimated Length of Trial:**  3 - 4 days

**RESULTS OF SETTLEMENT CONFERENCE**

Case settled against Defendant Cornell only.

_____
ALAN C. TORGERSON
U. S. Magistrate Judge

